IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 08-CR-30266-MJR |
| | ) | |
| JAMES C. NELSON, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

**REAGAN, District Judge:**

The Court held a hearing on July 16, 2010 to determine the status of counsel for Defendant James C. Nelson due to motion filed by him through counsel (Doc. 88). During that hearing, Nelson indicated his desire to dismiss his court-appointed counsel and represent himself for the remainder of his case. Because of this indication, the Court conducted a colloquy with Nelson in accordance with the requirements of *Faretta v. California* and progeny to see if he knowingly and intelligently waived his right to counsel. 422 U.S. 806 (1975).

Although criminal defendants have the Sixth Amendment right to assistance of appointed counsel, they can waive their right. *See United States v. Alden*, 527 F.3d 653, 660 (7th Cir. 2008). A waiver can be effected through both conduct and words, but the waiver must in all cases be knowing and intelligent. *Id.* (citing *United States v. Todd*, 424 F.3d 525, 530 (7th Cir. 2005); *United States v. Irorere*, 228 F.3d 816, 827–28 (7th Cir. 2000)). As long as the Court has given the defendant sufficient opportunity to retain the assistance of appointed counsel, a defendant's acts that have the effect of depriving the defendant of counsel will establish a knowing and intelligent choice. *Id.* (quoting *Irorere*, 228 F.3d at 828). The actual words that the Court uses when warning a defendant that self representation is hazardous does not matter "so long as it is established that the defendant made a knowing and informed waiver of counsel." *Id.* (citing *Todd*, 424 F.3d at 531).

Appellate courts look for four factors to determine if a waiver was knowing and intelligent:

> (1) whether and to what extent the district court conducted a formal hearing into the defendant's decision to represent himself; (2) other evidence in the record that establishes whether the defendant understood the dangers and disadvantages of self-representation; (3) the defendant's

>   background and experience; and (4) the context of defendant's decision to waive his right to counsel.

*Id.* The Court will take a similar approach here.

After conducting a thorough colloquy with Nelson in open court and on the record, the Court **FINDS** that Nelson has been fully advised of the dangers of representing himself in criminal proceedings and that Nelson has the minimal educational background and qualities necessary to litigate proceedings on his own behalf. The Court specifically admonished Nelson on how technical the sentencing phase of criminal proceedings are and how sentencing proceedings are different than almost any other litigated in federal court. Nelson has additionally demonstrated interest in researching his case independent of court-appointed counsel. Nelson has also had ample opportunity to retain the assistance of appointed counsel, having had access to the Federal Public Defender and two panel attorneys in the preparation of his case.

Based on these findings, the Court **HOLDS** that Nelson has knowingly and intelligently waived his right to counsel. The Court accordingly **GRANTS** the motion of Nelson (Doc. 88) and **RELIEVES** Mr. Christopher Threlkeld from his duties as counsel for Nelson. Due to the highly technical nature of sentencing proceedings, however, the Court **REAPPOINTS** Mr. Threlkeld as stand-by counsel for Nelson. Mr. Threlkeld has no obligation to argue for Nelson in court but should be present at hearings to provide Nelson with legal advice, if Nelson requests it. The docket will show that Nelson's pro se motion for status of counsel (Doc. 86) as **DISMISSED** because it was filed without the assistance of appointed counsel before the Court permitted Nelson to represent himself. The Clerk will serve this Order on Nelson and Mr. Threlkeld.

IT IS SO ORDERED.

DATED July 19, 2010.

> s/ Michael J. Reagan
> **MICHAEL J. REAGAN**
> **United States District Judge**

2