IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08-CR-30266-MJR |
| ) | |
| JAMES C. NELSON, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

James Nelson pleaded guilty to possession with intent to distribute more than 50 g of cocaine base, possessing a firearm to further drug trafficking, and possessing a firearm while being a felon on July 8, 2009, pursuant to written plea agreement (Doc. 32). He also agreed to the forfeiture count against him. He has now moved that the Court reject the plea agreement between him and the government because he now wants to appeal aspects of the case (Doc. 70). After receiving a written response from the United States (Doc. 73) and hearing oral argument, the Court will deny this motion. The Court cannot reject the agreement between Nelson and the government because the plea agreement in this case does not bind the Court. Even if the agreement bound the Court, Nelson's reason for rescinding the plea agreement—that Nelson, not the government, wants to breach it—cannot be advanced by the party in breach due to the rules governing plea agreements.

The first reason for denying the motion is that the plea agreement entered between the government and Nelson is not an agreement that the Court can accept or reject because it is not one that would bind the Court. There is no provision in the rules for the Court to accept or reject a plea agreement that does not contain a required disposition or that requires the dismissal of charges. Rule 11(c)(3) governs plea agreements and how they are binding on the Court. *See United States v. Cole*, 569 F.3d 774, 776 (7th Cir. 2009) ("Plea agreements are governed by Rule 11(c), which makes

some types of agreements between the government and a defendant binding upon the district court and others not."). First, if the plea agreement requires the government to dismiss charges (an agreement under Rule 11(c)(2)(A)) or contains a specific sentence (an agreement under Rule 11(c)(2)(C)), the court may accept the agreement, reject it, or defer a decision until the court has reviewed the presentence report. Fed. R. Civ. P. 11(c)(3)(A). Second, if the plea agreement includes a clause requiring the government to recommend or not to oppose a recommendation by the defendant (an agreement under Rule 11(c)(2)(B)), the Court's obligation when faced with that sort of agreement is simply to inform the defendant that the Court is not bound by the agreement as part of the plea colloquy. Fed. R. Civ. P. 11(c)(3)(B). An agreement under that clause is not binding on the Court. *See Cole*, 569 F.3d at 776 (citing Fed. R. Crim. P. 11(c)(2)(B)). Additionally, the Seventh Circuit has held as not binding on the Court a plea agreement that leaves the calculation of the sentencing guidelines range to the Court and only requires the government to recommend a particular sentence, leaving the Court's discretion intact. *See id.* ("Cole's plea agreement contained many provisions explicitly preserving the nonbinding character of the agreement. For example, the agreement specifically stated that the district court 'will determine the applicable guidelines range' and 'will determine all matters, whether factual or legal, relevant to the application' of the guidelines, and that 'the specific sentence to be imposed . . . will be determined by the judge.'").

The fact that there is no provision in the rules is sensible. The reason that the Court has the option to accept or reject a plea agreement dismissing charges or stipulating to a sentence is, in order for that agreement actually to have any effect, the Court has to be a party to it and implement it. In other words, those sorts of agreements bind the Court, so the Court should have an opportunity to say "yes" or "no," which is accomplished through the Rule 11 acceptance or rejection procedure. Other sorts of agreements do not bind the Court, including agreements in which the parties simply agree to recommend a sentence but leave that sentence ultimately to the Court.

The plea agreement before the Court is an agreement in which the parties agreed that the government would not seek a sentence outside the guideline range. (Plea Agreement ¶ 15.) The Court duly informed Nelson that the plea agreement was not binding on the court:

> Q: Now as part of this agreement, the Government will recommend a sentence and fine at the low end of the range that I ultimately find on the advisory guidelines. You understand although I consider that recommendation, I am not bound by it?
>
> A. Yes, sir.
>
> Q. Additionally, I was not party to this Plea Agreement, therefore, I am not bound by it either. You understand that?
>
> A. Yes.

(Tr. of Change of Plea Hearing 7.) There is no agreement between the parties requiring the prosecutor to dismiss charges, nor is there an agreement that the Court will give one sort of sentence. Because the agreement does not contain those provisions, the Court cannot be bound by it, meaning that it cannot accept or reject the agreement.

The second reason for denying the motion is that, even if this were a rejectable agreement, Nelson's reason for rejection is unavailing. Specifically, Nelson alleges that now he wants to appeal aspects of the case besides the sentence and because of this the government will, at some later point, allege that Nelson is in breach of the plea agreement and seek redress. For that reason, Nelson urges you to reject the agreement. Breaching parties to plea agreements, with one exception, cannot annul or rescind the agreement without consent of the aggrieved party. Plea agreements are governed under traditional principles of contract. *E.g.*, *United States v. Patterson*, 576 F.3d 431, 438 (7th Cir. 2009) (citing *United States v. Barnes*, 83 F.3d 934, 938 (7th Cir. 1996)). A "long-established principle of contract law" applicable to plea agreements is "that one party's failure to fulfill its end of the bargain relieves the other party of its obligations under the agreement." *United States v. Sowemimo*, 335 F.3d 567, 571 (7th Cir. 2003) (citing *United States v. Ramunno*, 133 F.3d 476, 484 (7th Cir. 1998)). Another

3

long established principle of contract law is that the parties may agree to rescind the contract. *See Restatement (Second) of Contracts* § 283 (1981). Based on these principles, Nelson cannot seek rescission as the breaching party unless the government consents. As plea agreements are special contracts, *see United States v. Schilling*, 142 F.3d 388, 394–95 (7th Cir. 1998) ("'[P]lea agreements are 'unique contracts and the ordinary contract principles are supplemented with a concern that the bargaining process not violate the defendant's right to fundamental fairness under the Due Process Clause.'" (quoting *United States v. Rourke*, 74 F.3d 802, 805 (7th Cir. 1996))), there is at least one exception. A defendant may "withdraw from the plea agreement in its entirety and go to trial," *United States v. Fiore*, 178 F.3d 917, 925 (7th Cir. 1999) (citing *United States v. Martinez*, 122 F.3d 421, 422 (7th Cir. 1997)), but this exception is not available to Nelson. The Court has already accepted Nelson's plea of guilty, so Nelson cannot go to trial unless he has "a fair and just reason for requesting the withdrawal" of his guilty plea. Fed. R. Crim. P. 11(d). As previously ruled on by the Court, Nelson does not have a fair and just reason to withdraw his guilty plea. (Doc. 63.) Insofar as Nelson is again arguing for a fair a just reason for withdrawal in this motion, a desire to breach an agreement is far from a fair and just reason to permit withdrawal of a guilty plea.

The Court cannot reject an agreement that does not bind it, and even if this agreement were rejectable, the Court would not reject it simply because the defendant wants to breach it. Accordingly, the Court **DENIES** Nelson's motion to reject the plea agreement (Doc. 70).

**IT IS SO ORDERED.**

**DATED July 21, 2010.**

s/ Michael J. Reagan
**MICHAEL J. REAGAN**
**United States District Judge**